FRANK BUTLER *v*. THE STATE.

THEFT. — On his trial for theft of flour, the accused asked the court to charge the jury to acquit him if they believed from the evidence that he took the flour ,in day-time and in the presence of other persons, telling them that the owner of the flour owed him for certain work and he would take the flour for his pay. *Held*, that the instruction was properly refused.

APPEAL from the County Court of Houston.    Tried below before the Hon. S. A. MILLER, County Judge.

According to the evidence for the state, the accused was driving a team and hauling a barrel of flour for Murchison, and took some ten pounds out of the barrel, under the circumstances indicated in the refused instruction.    It further appeared that he headed up the barrel carefully after taking the flour ; but there was no proof that the owner of the flour was in his debt, or that he informed the owner of his abstraction of the ten pounds.    The jury awarded him twenty-four hours' confinement in the county jail, and a fine of $25.

*Moore & Spence*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.    On the trial below, counsel asked the following charge :  "If the jury believe from the evidence that the defendant, Frank Butler, took the flour from the possession of Daniel Murchison, and at the time he took the flour he did it in the day-time, and in the presence of Tim Simpson and John Murray, and at the same time stated that he had been hauling for Murchison on Sundays, and that he, the defendant, had gotten no pay for his Sunday work, and that he, the defendant, would take said flour for said Sunday work, said taking would not be theft."

This charge was refused, and this refusal, it is claimed,

was an error, and it is made a ground in the motion for a new trial, and also in the assignment of errors.

We must dissent from the legal proposition enunciated in the charge. We know of no law or custom which recognizes any such mode of collecting debts for Sunday work.

The main charge gave the jury the statutory definition of theft, and properly instructed the jury as to the rules of law by which they were to be governed in determining whether the accused stole Murchison's flour or not.

The questions presented by the record are, in the main, questions of fact, with which it was the province of the jury to deal. There is no such error discovered on examination, or pointed out in the brief of the appellant, as would justify a reversal of the judgment, and it is affirmed.

*Affirmed.*